UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA                                    :
                                                            :   18 Cr. 813-01 (LGS)
               -against-                                    :
                                                            :   ORDER
RAYMOND WENG,                                               :
                                        Defendant.          :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

**Background**

WHEREAS, on May 22, 2020, Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. No. 149). On June 2, 2020, the Government filed a response in opposition (Dkt. No. 152). By Order dated June 4, 2020, the Government was directed to file under seal Defendant's Bureau of Prisons ("BOP") medical records, and Defendant was provided an opportunity to file a reply and any other medical records that may be relevant (Dkt. No. 153). The Government provided the BOP medical records under seal, and Defendant filed a reply (Dkt. No. 154);

WHEREAS, on December 17, 2018, Defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute marijuana. On December 18, 2019, Defendant was sentenced to 5 months' imprisonment;

WHEREAS, Defendant is currently housed at USP Canaan and is scheduled to be released July 11, 2020;

WHEREAS, the President of the United States has declared a national emergency due to the spread of the COVID-19 virus;

**"Extraordinary and Compelling Reasons"**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A)(i) provides that a court "may reduce the term of imprisonment" only if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission";

WHEREAS, the relevant Sentencing Commission Policy Statement, U.S.S.G. § 1B1.13, provides that a court may reduce a term of imprisonment if three conditions are met: (i) extraordinary and compelling reasons warrant the reduction, *id.* § 1B1.13(1)(A); (ii) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), *id.* § 1B1.13(2); and (iii) the reduction is consistent with this policy statement, *id.* § 1B1.13(3); *accord United States v. Gotti*, No. 02 Cr. 743-07, 2020 WL 497987, at *1–2 (S.D.N.Y. Jan. 15, 2020);

WHEREAS, the Application Notes to the Policy Statement provide in relevant part that "extraordinary and compelling reasons" exist where the defendant "is suffering from a serious physical or medical condition," "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, Application Note 1(A);

WHEREAS, the Centers for Disease Control and Prevention ("CDC") have identified that people of all ages with the following "underlying medical conditions, particularly if not well controlled," might be at higher risk for severe illness from COVID-19: "chronic lung disease or moderate to severe asthma," "serious heart conditions," conditions causing a person to be immunocompromised," "severe obesity (body mass index [BMI] of 40 or higher)" and "diabetes." *See Coronavirus Disease 2019 (COVID-19): People Who Are At Higher Risk* at

2

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html. Courts have also recognized that individuals in confinement settings may be at a "heightened risk of contracting COVID-19." *United States v. Dante Stephens*, No. 15 Cr. 95, 2020 WL 1295155, at *2 (S.D.N.Y. Mar. 19, 2020). *See also U.S. v. Haney*, 19 Cr. 541, 2020 WL 1821988, at *6 (S.D.N.Y. Apr. 13, 2020);

WHEREAS, Defendant has not demonstrated the requisite extraordinary and compelling circumstances. Defendant is 26-years old, and he has represented, through counsel, that he has a "weakened immune system, evidenced by a history of persistent respiratory infection," and also psoriasis. The Government represents that, based on Defendant's BOP medical records, Defendant appears to be in good health and has not reported any medical issues of any kind. The BOP medical records substantiate the Government's representation, and Defendant's motion or reply does not provide other medical records supporting Defendant's alleged conditions. Defendant's pre-sentence investigation report, amended April 9, 2019, also does not provide evidence that he suffers from a condition considered a risk factor for severe illness from COVID-19, and therefore, he has not met the burden of demonstrating extraordinary and compelling circumstances based on any health condition. *See Gotti*, 2020 WL 497987, at *5 (rejecting the defendant's claim of a likely cancerous growth in part because there is no diagnosis of lung cancer in the BOP's medical records). As of the date of this Order, there have been no reported cases of COVID-19 at USP Canaan. *See Federal Bureau of Prisons: COVID-19 Coronavirus -- COVID-19 Cases*, at https://www.bop.gov/coronavirus. Though the lack of cases may indicate limited testing or asymptomatic transmission, it may also indicate that the BOP's current protocols have been sufficient to prevent an outbreak. *See Haney*, 19 Cr. 541, 2020 WL 1821988, at *6 (S.D.N.Y. Apr. 13, 2020) (explaining that limited increase in confirmed cases

provides "some indication that the BOP's efforts are working");

**ORDERED** that for the reasons stated above, Defendant's motion for compassionate release is DENIED.  Defendant has not demonstrated the requisite extraordinary or compelling circumstances.  *See U.S. v. Monsanto Lopez*, 16 Cr. 643-1, 2020 WL 2555305, at *1 (S.D.N.Y. May 20, 2020) (denying motion for compassionate release because the defendant could not demonstrate extraordinary and compelling reasons in part because his Bureau of Prisons medical records and pre-sentence investigation report did not provide evidence that the defendant suffered from a medical condition that the CDC has identified as a risk factor for severe illness from COVID-19).

Dated: June 16, 2020
       New York, New York

                                          **LORNA G. SCHOFIELD**
                                          **UNITED STATES DISTRICT JUDGE**